IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEVER ERNESTO CASTREJON-MENDOZA, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-CV-1974-L |
| ) | |
| K. DIXON, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner is a federal prisoner and has filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Petitioner was convicted in the District Court in Oregon of distribution of methamphetamine in violation of 21 U.S.C. § § 846, 841(a)(1) and 841(b)(1)(C). He was sentenced to 84 months in prison.

Petitioner argues: (1) he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) on the basis of cultural assimilation; (2) the trial court should have downwardly departed on his sentence because deportable aliens are ineligible for certain BOP programs and are ineligible to be housed in a minimum security facility; and (3) Respondent is violating his equal protection

rights.

On January 30, 2012, Respondent filed his answer. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II. Discussion

### 1. Sentence Reduction

Petitioner argues he is entitled to a lower sentence because the Court should have considered his cultural assimilation and the fact that he is ineligible for certain BOP programs and minimum security housing.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Title 28 U.S.C. § 2241, however, may be used by a federal prisoner to challenge the legality of his sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a

section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In this case, Petitioner does not rely on any retroactively applicable Supreme Court decision that was foreclosed by circuit law at the time of trial or his first § 2255 motion. This claim should therefore be denied.

**2.      Equal Protection**

Petitioner argues Respondent is violating his equal protection rights because as a deportable alien he is not eligible to be housed in a minimum security facility and he is not eligible for certain BOP programs.

Petitioner, however, has no constitutional right to be placed in a minimum security facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Petitioner does not have a constitutional right to designation at any particular institution.

*Moore v. United States Att'y Gen.*, 473 F.2d 1375 (5th Cir. 1973).

Additionally, Petitioner has not established that Respondent violated his right to equal protection. Courts have determined that the BOP's policy of excluding deportable aliens from certain BOP programs does not violate the Equal Protection Clause. *McLean v. Crabtree*, 173 F.3d 1176, 1182-83 (9th Cir. 1999); *Perez-Martinez v. United States*, 235 Fed. Appx. 228, 229 (5th Cir. 2007) (affirming dismissal of equal protection claim because petitioner failed to show he was treated differently than similarly situated petitioners or that BOP restrictions on INS detainees' participation in programs was irrational); *Bazuaye v. Tombone*, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (same). Petitioner's claim should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed this 22nd day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).